WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Denijal Hrbenic, | No. CV-14-02251-PHX-JAT (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is an appeal from Magistrate Judge Fine's July 18, 2016, Order denying Petitioner Denijal Hrbenic's Motion for Interpreter Services. (Doc. 29). The Magistrate Judge denied Petitioner's motion on two grounds, finding that (1) there was no legal basis entitling Petitioner to an interpreter at this stage of the proceedings, and that (2) Respondents had agreed to provide Petitioner with a Bosnian interpreter if he filed the correct paperwork. (*Id.* at 2-3). Having reviewed Petitioner's filing, the Court now rules on the appeal.

**I.**

For purposes of adjudicating the pending appeal, the Court need not set forth the factual allegations underlying Petitioner's filing for a Writ of Habeas Corpus. It is sufficient to note that on August 1, 2016, Petitioner appealed from the Magistrate Judge's Order denying his motion to appoint a Bosnian interpreter, asserting generally that he has

a constitutional right to an interpreter in these proceedings.[1] (Doc. 31).

**II.**

"A district court may refer a pretrial matter to a magistrate to 'hear and determine,' and may review the magistrate's order 'where it has been shown that the magistrate's order is clearly erroneous or contrary to law.'" Title 28 U.S.C. § 636(b)(1)(A) (2012); *Barten v. State Farm Mut. Auto. Ins. Co.*, No. CZV-12-0399-TUC-CKJ, 2014 U.S. Dist. LEXIS 133569, at *10 (D. Ariz. Sept. 23, 2014) (quoting *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1041 (9th Cir. 2010)). Stated in other terms, the Court reviews an appeal from the Magistrate Judge's decision "for clear error." *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) (citations omitted). Under this standard of review, the Magistrate Judge's decision is "not subject to de novo determination," and the Court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Clear error is present when the Court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001).

**III.**

"It is well settled that habeas corpus is a civil proceeding." *Browder v. Director, Dep't of Corrections of Illinois*, 434 U.S. 257, 269 (1978) (citations omitted). Petitioner points to no case from the United States Supreme Court or the Ninth Circuit Court of Appeals recognizing the right to a court-appointed interpreter in a civil proceeding. Indeed, as a general matter, the Supreme Court has not recognized a constitutional right to a court-appointed interpreter. *United States v. Si*, 333 F.3d 1041, 1043 n.3 (9th Cir.

---

[1] Petitioner's appeal also asks the Court to "go further" than reversing the decision of the Magistrate Judge and "declare the denial of access to a law library" and the denial of the ability to use a "jailhouse lawyer" unconstitutional. (Doc. 31 at 5). Petitioner's requests are outside the scope of the appeal and will not be considered.

2003) (citing *Perovich v. United States*, 205 U.S. 86, 91 (1907)). While the Ninth Circuit has found "that a constitutional right to an interpreter exists in certain situations," *id.* at 1042-1043, 1043 n.3 (citations omitted), these situations arise when a criminal defendant's inability to communicate in English interferes with his Fifth and Sixth Amendment rights, or where the defendant lacks the ability to understand the proceedings. *See Aljibory v. Ryan*, No. CV-13-00675-PHX-SRB (SPL), 2014 U.S. Dist. LEXIS 33464, at *21-22 (D. Ariz. Feb. 21, 2014) (citations omitted). None of the aforementioned circumstances are present in the instant action.

Turning to applicable statutory authority, nothing in the Court Interpreters Act, Title 28 U.S.C. § 1827 (2012), requires that the Court appoint an interpreter at this stage of the proceedings. The Court is unaware of any other statutory authority that supports Petitioner's argument. As the Magistrate Judge noted, there is no current "statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action." *Gonzalez v. Bopari*, 2012 U.S. Dist. LEXIS 178925, at *2 (E.D. Cal. Dec. 17, 2012). In sum, nothing suggests that the Magistrate Judge committed "clear error" where she found that "[t]here is no legal basis on which the federal court should appoint an interpreter for this case at this time." (Doc. 29 at 3).

Moving beyond the firmity and soundness of the Magistrate Judge's Order, Respondents swore by affidavit that they can "provide the necessary Bosnian translator to work with the contract paralegal during her visits with Petitioner Denijal Hrgenic regarding CV 14-2251-PHX and related cases." (Doc. 29 at 3). Petitioner objects, arguing that the at-issue affidavit stated that "a certified/qualified paralegal can be obtained," but did not indicate that "an interpreter" could be obtained for him. (Doc. 31 at 3). Petitioner is mistaken. The affidavit of Julia Erwin, the Legal Access Monitor for the Arizona Department of Corrections, swears that her "office can provide the necessary Bosnian *translator* to work with the contract paralegal" on Petitioner's cases. (Doc. 27-1 at 2 (emphasis added)). Respondents further swore that as long as Petitioner submitted Inmate Letter, Form 916-1(e)—which Respondents attached to their opposition to Plaintiff's

motion—they would be able to provide Petitioner with a Bosnian interpreter. (*Id.*).

In light of the aforementioned, the Court finds nothing to indicate that "clear error" occurred. The Magistrate Judge explicitly declined to "make any finding" with respect to whether Petitioner "speaks only or primarily a language other than the English language." (Doc. 29 at 3). The Magistrate Judge denied Petitioner's application without prejudice, re-urging him to request an interpreter if this action proceeds to an evidentiary hearing. Respondents swore that so long as Petitioner submits the proper request form, they would be able to provide Petitioner with a Bosnian interpreter, the relief he seeks. Respondents provided Petitioner with a copy of the pertinent form. And Petitioner has failed to point to any authority establishing that he is entitled to an interpreter as a matter of law. *See Orozco v. Ryan*, No. CV-10-1514-PHX-JAT, 2010 U.S. Dist. LEXIS 93712, at *6 (D. Ariz. Aug. 23, 2010) (denying motion for interpreter with permission to re-urge if an evidentiary hearing is held in the matter).

For these reasons, Petitioner's appeal will be denied, and the Magistrate Judge's Order will be affirmed.

**III.**

Based on the foregoing,

**IT IS ORDERED** that Petitioner's appeal is **DENIED**, (Doc. 31), and Magistrate Judge Fine's Order, (Doc. 29), is **AFFIRMED**.

Dated this 16th day of August, 2016.

James A. Teilborg
Senior United States District Judge