**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Denijal Hrbenic,<br><br>                    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                    Respondents. | No. CV 14-02251- PHX-JAT (DMF)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JAMES A. TEILBORG, Senior U.S. District Judge:

    Denijal Hrbenic filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") challenging his convictions in the Maricopa County Superior Court. (Doc. 8) He entered a plea on one count of molestation of a child (victim I.R.); one count of attempted molestation of a child (victim E.K.); and one count of attempted molestation of a child (victim F.H.). (Doc. 17-1 at 44) He was sentenced to 17 years' imprisonment on the first count and to lifetime probation with sex offender registration on the second and third charges. (*Id.* at 48-49) As is explained below, the Court recommends that Hrbenic's Petition be denied and dismissed with prejudice.

**I. BACKGROUND[1]**

    The allegations that led to Hrbenic's plea agreement and convictions were that he engaged in sexually deviant behavior with three minor girls. (Doc. 17-6 at 48) The presentence report indicates the allegations included that Hrbenic: touched a minor

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Respondents' Answer, Doc. 17.

1 victim's vagina under her clothing, exposed his penis and tried to have her touch it; twice
2 touched a second victim's vagina under her clothing and made her touch his penis over
3 his clothing; and touched a third minor victim's vagina both over and under her clothing.
4 (Doc. 17 at 3-4; Doc. 17-4 at 95-96)

5 After his convictions in February 2011, Hrbenic timely filed a notice of post-
6 conviction relief ("PCR"). (Doc. 17-1 at 62-64) He was appointed counsel. (*Id.* at 66-68)
7 Appointed counsel was unable to identify colorable claims for a petition for post-
8 conviction relief ("PCR") pursuant to Rule 32, Arizona Rules of Criminal Procedure. (*Id.*
9 at 70-74) Hrbenic filed his Pro Per Petition for PCR in November 2011. (Doc. 17-2 at 19-
10 75) His petition raised claims: that his counsel was ineffective; his plea was involuntary;
11 statements he made to police after invoking his right to counsel, along with statements he
12 made during a confrontation call, should have been suppressed; his trial judge was not
13 impartial; and the trial court lacked subject matter jurisdiction over his case owing to
14 shortcomings in the indictment. (*Id.*)

15 The trial court denied Hrbenic's petition via minute entry. (Doc. 17-4 at 122-123)
16 The court found that Hrbenic's arguments regarding admissibility of evidence were
17 explicitly waived when he entered the plea agreement. (*Id.* at 122) The court further
18 found that to the extent these issues were raised to support Hrbenic's ineffective
19 assistance of counsel claims, Hrbenic's counsel had been aware of the issues and stated
20 those issues would be litigated if an acceptable plea offer were not made. (*Id.*) Finally,
21 the trial court rejected Hrbenic's claim he was not informed of the potential sentences he
22 could receive under his plea agreement, because the transcripts of his settlement
23 conference and change of plea hearing "belie[d] this argument." (*Id.*)

24 Hrbenic sought review of this decision in the Arizona Court of Appeals. (Doc. 17-
25 5 at 36-38) The Arizona Court of Appeals granted review and denied relief on the
26 petition in a reasoned opinion. (Doc. 17-6 at 47-51) The court of appeals summarized
27 Hrbenic's arguments as asserting: (1) that his plea was made involuntarily due to both his
28 counsel's ineffective assistance and the trial court's "unfair, inaccurate, and coercive

acts"; and (2) the trial court did not specifically rule on his subject matter jurisdiction claim. (Doc. 17-6 at 49)

The court of appeals explained Hrbenic's first argument as being based on three circumstances leading to his acceptance of the plea agreement: a confrontation call set up by police investigators and one of his victims, statements made in person by Hrbenic to the police, and counsel's purported statements to Hrbenic regarding his sentencing. (*Id.* at 49-50) Hrbenic had argued his counsel should have moved to suppress the confrontation call as an unreasonable search and seizure in violation of the federal and state Constitutions, and because he had not been given the *Miranda* warning and the call was recorded without valid consent.[2] (*Id.* at 49, Doc. 17-4 at 6-17)  Hrbenic also contended that the Bosnian-speaking police officer interrogating him in custody after his arrest violated his constitutional rights by encouraging him to answer questions after she had given him the *Miranda* warning and after he had invoked his right of representation. (Doc. 17-4 at 17-21) Hrbenic further asserted that he was misled by counsel about the possible length of his sentence, and that his counsel was unprepared, gave poor advice, ignored Hrbenic's desire to go to trial, and must have had a conflict of interest. (*Id.* at 21-24) Finally, Hrbenic argued that his trial judge misled him at his settlement conference by making unreasonable, inaccurate and inappropriate predictions about the chance of Hrbenic's success at trial. (*Id.* at 25-29)  Hrbenic asserted that if his attorney had provided proper assistance and had advised him of the possibility of obtaining relief on the basis of these issues, he would not have taken a plea. (*Id.*, Doc. 17-4 at 5-29)  Hrbenic also argued that the trial court's failure to advise him regarding these issues at the settlement conference amounted to coercing him to take the plea. (*Id.*)

In addition, Hrbenic asserted that deficiencies in the dates of the indicted counts rendered the indictment and the plea offer invalid and prevented the trial court from

---

[2] Hrbenic argued that evidence derived from the confrontation call was inadmissible because it was obtained without a proper warrant or court order, and because Hrbenic's victim was under 18 years old and there was no record of her legal guardians granting consent for her to participate in the call. (Doc. 17-2 at 24-25)

exercising subject matter jurisdiction. (*Id.* at 29-36) He argued that without jurisdiction, the judgment and sentencing issued by the trial court were void. (*Id.* at 33) Hrbenic also contended that the indictment was fatally flawed for lack of specificity on the issues of causation and location. (*Id.* at 33-36) He concluded that his counsel was ineffective for not moving to dismiss the indictment, and that the State acted unconstitutionally in prosecuting the indictment. (*Id.* at 36) Hrbenic requested an evidentiary hearing pursuant to Rule 32.8, Arizona Rules of Criminal Procedure. (*Id.*)

The Arizona Court of Appeals rejected each of Hrbenic's arguments in turn. (Doc. 17-6 at 49-51) The court first noted that, in general, confrontation calls such as that involving Hrbenic have been found not to violate either the United States or Arizona Constitutions. (*Id.* at 49) Additionally, the court found that the record did not support Hrbenic's assertion that the victim was acting as an agent of the police without valid consent. (*Id.*) The court concluded that Hrbenic's counsel's decision to pursue a favorable plea agreement rather than move to suppress Hrbenic's statements while in police custody were a reasonable tactical decision. (*Id.* at 50) Similarly, the court held that Hrbenic's argument on ineffective counsel regarding his counsel's failure to advise him on the duration of potential sentences and the likelihood for success of his defenses was contradicted by the record. (*Id.*)

The court of appeals agreed with Hrbenic that the trial court had not addressed Hrbenic's jurisdiction argument, but found that the trial court had nonetheless properly denied relief. (*Id.* at 51) The court of appeals explained that the trial court had subject matter jurisdiction over Hrbenic's felony prosecution irrespective of alleged defects in the indictment, citing Article 6, Section 14 of the Arizona Constitution and *State v. Jacobsen*, 106 Ariz. 129, 130, 471 P.2d 1021, 1022 (1970). (*Id.*)

After the court of appeals denied relief and a mandate issued on May 12, 2014, Hrbenic filed his Petition for Writ of Habeas Corpus with this Court on October 9, 2014. (Doc. 1) That petition initially was dismissed without prejudice for failing to allege the violation of a federal constitutional right, after which Hrbenic filed on April 2, 2015 his

first amended petition that is now before the Court. (Doc. 7 at 2, Doc. 8)

## II. LEGAL FRAMEWORK
### A. Exhaustion of Remedies

A state prisoner must properly exhaust all state court remedies before this Court may grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

### B. Ineffective Assistance of Counsel

Under clearly established Federal law on ineffective assistance of counsel ("IAC"), a petitioner must show that his trial counsel's performance was both (a) objectively deficient and (b) caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This results in a "doubly deferential" review of counsel's performance. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (explaining that in a 28 U.S.C. § 2254 case, deference is due both to defense counsel's performance and to the state court's ruling). The Court has discretion to determine which *Strickland* prong to apply first. *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998). A habeas court reviewing a claim of ineffective assistance of counsel must determine "whether there is a reasonable argument that counsel satisfied *Strickland*'s deferential standard, such that the state court's rejection of the IAC claim was not an unreasonable application of *Strickland*. Relief is warranted only if no reasonable jurist could disagree that the state court erred." *Murray v. Schriro*, 746 F.3d 418, 465-66 (9th Cir. 2014) (internal citations and quotations omitted).

### C. 28 U.S.C. § 2254 Habeas Petition – Legal Standard of Review

On habeas review, this Court can only grant relief if the petitioner demonstrates prejudice because the adjudication of a claim either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This is a "'highly deferential standard for evaluating state court rulings' which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)).

### III. HRBENIC'S HABEAS CLAIMS

Hrbenic's federal habeas petition raises the following two grounds for relief:

(Ground 1) Hrbenic's decision to enter a plea was not made intelligently or voluntarily due to ineffective assistance of trial counsel. (Amended Petition, Doc. 8 at 6)

(Ground 2) The trial court lacked subject matter jurisdiction over counts one and six because the indictment for those counts lacked the required specificity. (*Id.* at 7)

Hrbenic exhausted his two grounds for relief by fairly presenting his claims to the Arizona Court of Appeals and asserting the operative facts and federal constitutional basis applicable to each claim. Respondents agree. (Doc. 17 at 13, 17-18)

### A. Ground One: Ineffective Assistance of Counsel, Plea Agreement

Hrbenic contends his trial counsel failed to adequately inform him of the importance and consequences of his plea agreement, which made his plea involuntary. (Doc. 8 at 6) Moreover, he claims his counsel did not relate to him the importance of a possible *Miranda* warning violation during police questioning (*Id.*), or the potential exclusion of his statements during a confrontation call that he believes would have caused him to reject his plea offer and insist instead on going to trial (*Id.*)

In assessing the state court's adjudication of Hrbenic's claims, this Court reviews the state court's "last reasoned decision." *Crittenden v. Ayers*, 624 F.3d 943, 950 (9th Cir, 2010) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)). In this case, the last

reasoned state court decision is the opinion of the Arizona Court of Appeals. (Doc. 17-6 at 47-51)

Addressing Hrbenic's arguments that his plea was involuntary due to his counsel's failure to advise him about potential defenses involving the confrontation call, the Arizona Court of Appeals concluded that such claims:

> are not colorable. We note that generally confrontation calls are admissible at trial. *See State v. Allgood*, 171 Ariz. 522, 524, 831 P.2d 1290, 1292 (1992) (recording of confrontation call designed to elicit admissions corroborating victim's accusations does not violate United States or Arizona Constitutions). . . .
>
> Because Hrbenic failed to show that the confrontation call would likely have been inadmissible, his claim of an involuntary plea based on counsel's alleged ineffective assistance is unfounded. And Hrbenic's claim that the trial judge was "unfair, inaccurate, and coercive," because the trial judge did not advise him that the confrontation call was inadmissible and that without the call he would likely be acquitted at trial, is similarly unfounded.

(Doc. 17-6 at 49-50)

In *State v. Allgood*, the Arizona Court of Appeals held that a confrontation call set up by a police detective between a female minor sexual abuse victim and her abuser was constitutional under the Arizona Constitution. 171 Ariz. 522, 523-24, 831 P.2d 1290, 1291-92. The court noted that the confrontation call in that case also did not violate the Fourth Amendment to the U.S. Constitution. 171 Ariz. 524, 831 P.2d 1292 (citing *United States v. Caceres,* 440 U.S. 741, 750 (1979); *United States v. White,* 401 U.S. 745, 753 (1971) (plurality opinion)). The *Allgood* court addressed an argument that the Arizona Constitution was more restrictive on this issue than the federal constitution, but held that the confrontation call "comported with our state statute and did not violate the state constitution." 171 Ariz. 524, 831 P.2d 1292.

The court of appeals then addressed Hrbenic's argument that his plea was involuntary because trial counsel did not advise him that evidence obtained by the police during his custodial conversations with a Bosnian speaking officer should be suppressed. (Doc. 17-6 at 50) The court of appeals reasoned:

- 7 -

> [t]he record reflects that counsel was aware that Hrbenic's statements to police might have been subject to suppression, but counsel chose to forgo a motion to suppress and to pursue a more favorable plea agreement. Actions which appear to be a reasonable choice of tactics will not support an allegation of ineffective assistance of counsel. *State v. Vickers*, 180 Ariz. 521, 526, 885 P.2d 1086, 1091 (1994); *State v. Nirschel*, 155 Ariz. 206, 208, 745 P.2d 953, 955 (1987).

(*Id.*)

Hrbenic's counsel provided the trial court with a settlement conference memorandum. (Doc. 17-1 at 32-35) In this memorandum, counsel first noted that the confrontation call facilitated by the police with one of the victims included statements amounting to admissions for the counts pertaining to only that victim. (*Id.* at 35) Counsel also explained:

> [w]hen in police custody, Mr. Hrbenic was interviewed by Officer Ilic of the Phoenix Police Department. She is a certified Bosnian speaker for the department. In her line of questioning to the defendant, he immediately asked for an attorney, yet she continued to speak to and pressure him, resulting in violations of *Miranda v. Arizona*, 384 U.S. 436, *Edwards v. Arizona*, 451 U.S. 477, *Brewer v. Williams*, 430 U.S. 387, *Michigan v. Moseley*, 423 U.S. 96 and *Rhode Island v. Innis*, 446 U.S. 291.

(Doc. 17-1 at 35) Counsel then concluded the memorandum with the statement, "[i]f this case does not settle, defense counsel will file a motion asking the court to suppress all statements made during his interrogation for the above violations. (*Id.*) This statement appears to be the basis for the court of appeals' conclusion that Hrbenic's counsel was aware of the potential for suppressing Hrbenic's custodial statements.

Finally, the court of appeals addressed Hrbenic's argument that his plea was not made voluntarily or intelligently because his counsel misled him about the sentences to which he plead. (Doc. 17-6 at 50) The court stated,

> Hrbenic also claims that counsel made statements to him that misled him about the sentences he would receive. Other than Hrbenic's self-serving affidavit, there is nothing in the record to support this claim. In fact, this claim is contradicted by the record. The potential sentences under the plea

- 8 -

>agreement were fully explained to Hrbenic and he told the trial court that he understood. He also told the court that no promises, other than those written in the plea agreement, had been made to him by anyone. A trial court need not conduct an evidentiary hearing based on unsubstantiated claims. *State v. Borbon*, 146 Ariz. 392, 399, 706 P.2d 718, 725 (1985).

(Doc. 17-6 at 50)

As noted, this Court must determine if there is a reasonable argument that Hrbenic's counsel satisfied *Strickland*'s deferential standard, meaning that the court of appeals' rejection of his ineffective assistance of counsel claim was not an unreasonable application of *Strickland*.

Hrbenic's argument that his plea was not voluntary or knowing because counsel did not advise him about the possibility of suppressing evidence obtained via the confrontation call is unavailing for the reasons and authority set forth by the court of appeals, noted above. (Doc. 17-6 at 49-50)

Hrbenic's claim that his counsel misled him about his sentences also does not support a finding that the court of appeals' decision was an unreasonable application of the *Strickland* standard. The transcript for Hrbenic's settlement conference and change of plea hearing indicates that the trial court explained in detail the range of sentences he could face if he were convicted on the counts for each of the three victims. (Doc. 17-6 at 64-67) The hearing was translated by a Bosnia court interpreter. (*Id.* at 63) After Hrbenic essentially voiced his disagreement with the mandatory sentencing scheme for child molestation, the trial court emphasized that if Hrbenic were convicted on just the counts he admitted to in the confrontation call and were acquitted on all other counts, he would serve a sentence of from three and a half to seven times his sentence under the plea agreement. (*Id.* at 68-69) Hrbenic affirmed that he understood the court's meaning, and then told the court he wished to accept the plea offer because it was "less." (*Id.* at 69) The court ordered a recess so that Hrbenic's counsel could discuss the plea agreement with him. (*Id.*)

After establishing that Hrbenic read or understood "very little" English, but had not had any problems understanding the court interpreter whether interpreting written or

- 9 -

spoken English into his native language, the court also ascertained that Hrbenic was not taking any medication that affected his ability to understand. (*Id.* at 71) The court further affirmed that the plea agreement had been read to Hrbenic in his native language, that he understood it, that he had initialed each paragraph and signed in the designated places. (*Id.* at 71-72) When the court asked Hrbenic whether anyone had forced him or threatened him to accept the plea, or had promised him anything not written in the agreement, he responded, "No." (*Id.* at 72) When asked if he was entering into the plea agreement voluntarily, he said, "Yes." (*Id.*) Hrbenic also stated that he understood the court's explanation of potential sentencing details. (*Id.* at 73-75)

The court enumerated all the rights Hrbenic would forego by accepting the plea, and Hrbenic said he understood he would be giving up those rights. (*Id.* at 75-76) The court listed the counts covered by the plea agreement and asked Hrbenic if he committed the acts underlying those counts as to each of the three victims. (*Id.* at 76-77) Hrbenic answered that he did commit the acts. (*Id.*)

In light of this record, Hrbenic's and his counsel's decision to negotiate and accept a plea deal was reasonable. As the court of appeals noted, counsel's advice to forgo moving to suppress any evidence and instead to pursue more favorable terms "was not only reasonable, but successful." (Doc. 17-6 at 50) Hrbenic has not overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that "under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (citations omitted). As the *Strickland* Court further instructed, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it as proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." 466 U.S. at 689. *See also Premo v. Moore*, 562 U.S. 115, 125 (2011) (reasoning that strict adherence to the *Strickland* standard is "all the more essential" at the plea bargain stage because otherwise the "distortions and imbalance" associated with hindsight might be treated as accurate, and because plea bargains could be "unraveled" by courts second-guessing

counsel's decisions – to the detriment of defendants).

### B. GROUND TWO: Trial Court's Subject Matter Jurisdiction

Hrbenic reasserts here the argument he made in state court - that the trial court was deprived of subject matter jurisdiction over counts one and six owing to overly broad elements of the indictment. (Doc. 8 at 7)

The Arizona Court of Appeals noted that while the trial court did not expressly address Hrbenic's subject matter jurisdiction challenge, it "properly denied relief." (Doc. 17-6 at 51) The court of appeals reasoned:

> [r]elying on perceived deficiencies as to the date ranges set forth in counts one and six of the original indictment, Hrbenic claims these deficiencies deprived the trial court of subject matter jurisdiction. However, even if these counts were deficient as argued, the trial court would not be deprived of subject matter jurisdiction. As Hrbenic concedes, the superior court has subject matter jurisdiction in felony cases. Ariz. Const. art. VI, § 14; *State v. Jacobsen*, 106 Ariz. 129, 130, 471 P.2d 1021, 1022 (1970). Subject matter jurisdiction is "the power of a court to hear and determine a controversy." *Marks v. LaBerge,* 146 Ariz. 12, 15, 703 P.2d 559, 562 (App. 1985) Thus, even if the counts were defective as alleged, the superior court retained the power to "hear and determine" Hrbenic's felony prosecution.

(*Id.*) The court of appeals appears to be correct in its assessment and ruling on the issue of the trial court's subject matter jurisdiction. *State v. Maldonado*, 223 Ariz. 309, 312, 223 P.2d 653, 656 (2010) (holding that it is Article 6, Section 14(4) of the Arizona Constitution that grants subject matter jurisdiction over felony cases, rather than Article 2, Section 30, which requires, in part, that a person will not be prosecuted criminally in Arizona without an information or indictment.)

Even if the Arizona Court of Appeals got it wrong, the issue is not properly before this Court. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Determinations regarding jurisdiction are covered by this general rule. *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) ("The constitutional provision relied upon by Wills appears in the Constitution of Michigan, not the Constitution of the United States. Determination of whether a state court is vested

- 11 -

with jurisdiction under state law is a function of the state courts, not the federal judiciary."); *Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991) ("We are not persuaded that a constitutional violation necessarily occurs when the convicting state court acts without jurisdiction purely as a matter of state law.").

Finally, Hrbenic states in Ground Two that the trial court's decision on his post-conviction relief petition did not address his subject matter jurisdiction argument. (Doc. 8 at 7) However, whether the trial court's decision addressed Hrbenic's claim that the court lacked subject matter jurisdiction is immaterial, because under AEDPA analysis this Court reviews the state court's last reasoned decision, which in Hrbenic's case was the Arizona Court of Appeals' memorandum decision. *Crittenden v. Ayers*, 624 F.3d 943, 950 (9th Cir. 2010) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 8056 (1991)).

This Court cannot say that the court of appeals' decision denying Hrbenic relief was contrary to or involved an unreasonable application of clearly established Federal law, or that it was based on an unreasonable determination of the facts.

**IT IS THEREFORE RECOMMENDED** that Denijal Hrbenic's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003).

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 21st day of October, 2016.

_____
Honorable Deborah M. Fine
United States Magistrate Judge