WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Denijal Hrbenic, | No. CV-14-02251-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. The Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that this Court deny the Petition. Doc. 34. Petitioner filed a response to the R&R, which the Court will construe as an objection. Doc. 37.

**I.     Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the

[Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

## II. R&R

The Petition in this case has two claims: 1) that Petitioner's counsel was ineffective in the plea process; and 2) that the trial court did not have subject matter jurisdiction over Petitioner's case. The R&R concluded that neither of these claims entitled Petitioner to relief. Doc. 34 at 1-13. While Petitioner made some general objections to the R&R regarding his conviction as a whole (which the Court will discuss below), Petitioner did not factually or legally object to the R&R's findings, conclusions, or recommendations as to either of these claims. Accordingly, the Court accepts and adopts the R&R as to Petitioner's two claims. *See* Doc. 34 at 6-11 (explaining the state court found plea counsel was not effective and further explaining on the merits why plea counsel was not ineffective); Doc. 34 at 11- 12 (explaining that the state court did not err in its jurisdictional decision and alternatively nothing that errors of state law are not cognizable on habeas).

## III. Petitioner's objections

Petitioner begins his objections with a complaint that Petitioner does not speak English. Doc. 37 at 1-4. This Court has already addressed this argument (Doc. 33; Doc. 36) noting that Respondents have avowed that an interpreter is available to Petitioner. Petitioner's apparent refusal to use the interpreter is not a basis to object to the R&R.

Next Petitioner argues that the state court process was unfair because he does not speak English and does not understand the American legal system. Doc. 37 at 5. However, by Petitioner's own account, he had both an interpreter and a lawyer in the state court proceeding. This assistance is sufficient to overcome Petitioner's claimed lack of understanding of the state court proceedings.

1 Petitioner next objects that the legal assistant who helped him file his habeas
2 Petition was incompetent. Doc. 37 at 6. Because there is no right to counsel on habeas,
3 this objection does not provide a basis for relief. *See Chaney v. Lewis*, 801 F.2d 1191,
4 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Kreiling v. Field*, 431 F.2d 638,
5 640 (9th Cir. 1970) (per curiam); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965),
6 *cert. denied*, 382 U.S. 996 (1966).

7 Finally, Petitioner claims that his post-conviction relief counsel was ineffective for
8 failing to raise the ineffectiveness of trial/plea counsel. Doc. 37 at 6-7. However,
9 Petitioner raised this argument pro se before the state courts (Doc. 17-2 at 21-54) and the
10 state court ruled on Petitioner's claim (Doc. 17-4 at 122-123 (trial court); Doc. 17-6 at
11 47-51 (Arizona Court of Appeals)). Therefore, even if post-conviction relief counsel
12 should have raised this futile claim, Petitioner was not prejudiced because the Arizona
13 Courts considered the claim on the merits and denied relief. *See Strickland v.*
14 *Washington*, 466 U.S. 668, 687 (1984).

15 For the foregoing reasons, all of Petitioner's objections are without merit and are
16 overruled.

17 **IV.   Conclusion**
18 Based on the foregoing,
19 **IT IS ORDERED** that the Report and Recommendation (Doc. 34) is accepted and
20 adopted; the objections (Doc. 37) are overruled; the Petition is denied and dismissed with
21 prejudice and the Clerk of the Court shall enter judgment accordingly.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Dated this 24th day of January, 2017.

James A. Teilborg
Senior United States District Judge

- 4 -